UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VICTOR ANGEL,

                             Plaintiff,

         -against-

QUEENS BOULEVARD CAR WASH, et al.,

                            Defendants.
-------------------------------------------------------X

**R E P O R T  AND**
**RECOMMENDATION**

06 CV 6667 (CBA)

On December 18, 2006, plaintiff Victor Angel initiated this action against defendants Queens Boulevard Car Wash ("Car Wash"), Tyrone Garcia, and Tyrosa Enterprises, Inc., to recover unpaid minimum wages, overtime wages, and other damages for alleged violations of the federal Fair Labor Standards Act ("FLSA"). By motion dated July 20, 2007, defendants seek an order vacating the default entered against them on May 8, 2007. For the reasons set forth below, it is respectfully recommended that defendants' motion to vacate the default be granted.

## FACTUAL BACKGROUND

In his Complaint, plaintiff Victor Angel alleges that he was employed by defendants at the Car Wash from October 12, 2003 to October 12, 2005. (Compl.[1] ¶ 1; Angel Decl.[2] ¶ 2). Plaintiff alleges that during his employment with defendants, he typically worked 91 hours a

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed December 18, 2006.

[2] Citations to "Angel Decl." refer to the Declaration of Victor Angel, dated April 26, 2007, submitted in support of plaintiff's Motion for Entry of Default and Default Judgment, filed April 27, 2007.

week and was paid approximately $350 per week for that time. (Angel Decl. ¶ 3). Plaintiff further alleges that during this time, he was not paid the minimum wage nor was he paid overtime wages as required by the FLSA and the New York State Wage and Hours Law.

On December 18, 2006, plaintiff filed this Complaint. When defendant failed to answer or otherwise respond to the Complaint, plaintiff filed a motion for default judgment on April 27, 2007. On May 8, 2007, the Clerk of the Court entered a default against the defendants. Defendants subsequently submitted an answer to the Complaint on May 11, 2007, and then moved to vacate the default judgment on July 20, 2007.

Defendants seek to vacate the default, claiming that although they failed to file a timely answer, they timely "acted to defend themselves" by retaining counsel, who engaged in "extensive discussions and correspondence with plaintiff's counsel concerning both the merits of the action and settlement." (Defs.' Mem.[3] at 8, 7). Defendants claim that once they learned that their prior counsel would not be able to represent them in federal court, they retained their current counsel and did so "within days of plaintiff's filing of his motion for entry of default and default judgment." (Id. at 7). Therefore, defendants argue that they cannot be said to have been in default notwithstanding their failure to file a formal pleading prior to May 8, 2007, because they have "otherwise defended" the action. (Id. at 6, 8).

In the alternative, defendants argue that they can demonstrate good cause sufficient to warrant a vacatur of the default. (Id. at 2). Specifically, defendants argue that timecards signed by the plaintiff undermine the plaintiff's credibility concerning the hours he claims he worked

---

[3]Citations to "Defs.' Mem." refer to the Memorandum of Law in Support of Defendants' Motion to Vacate Entry of Default Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, filed July 20, 2007.

and the wages he was paid. (Id. at 8). Defendants claim that plaintiff was properly paid during the entire time he worked at the Car Wash. (Garcia Decl.[4] ¶ 4). Defendants also deny that plaintiff worked at the Car Wash from October 12, 2003 to October 12, 2005, and claim that "[d]iscovery in this case will reveal that rather than working for the Car Wash for two years, Mr. Angel worked for only a few months." (Id.) Finally, defendants assert that plaintiff cannot demonstrate any undue prejudice as a result of setting aside the default other than the fact that he will be required to prove his claims. (Defs.' Reply Mem.[5] at 1).

Plaintiff disputes many of defendants' claims. First, plaintiff disagrees that any "extensive discussions and correspondence . . . concerning both the merits of the action and settlement" ever occurred between defendants' prior counsel and plaintiff's counsel. Instead, plaintiff claims that after the Complaint was filed in December 2006, defendants' prior counsel failed to respond until the end of February 2007, and then only to state that counsel would not be representing defendants because counsel did not practice in federal court. (Pl.'s Opp. Mem.[6] at 2). Plaintiff claims that thereafter, defendants' prior counsel made "one de minimis take-it-or-leave-it offer," which plaintiff rejected. (Id. at 2-3).

Second, plaintiff disputes the diligence with which defendants sought new counsel.

---

[4]Citations to "Garcia Decl." refer to the Declaration of Tyrone Garcia in Support of Motion to Vacate Entry of Default, dated July 19, 2007.

[5]Citations to "Defs.' Reply Mem." refer to the Reply Memorandum of Law in Further Support of Defendants' Motion to Vacate Entry of Default Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, filed August 24, 2007.

[6]Citations to "Pl.'s Opp. Mem." refer to plaintiff's Memorandum of Law in Further Support of Plaintiff's Application for Entry of Judgment by Default and in Opposition to Defendants' Motion to Vacate Entry of Default, filed August 17, 2007.

3

Instead, plaintiff claims to have notified both defendants' prior counsel and defendants themselves that plaintiff would be seeking a default judgment in March 2007, nearly two months before the motion for default was filed. (Id. at 3). Further, plaintiff notes that defendants were again informed of plaintiff's intent to move for a default judgment by plaintiff's March 20, 2007 status letter to the Court and by the Court's Order of the same day. (Id.) According to plaintiff, defendants were then served with plaintiff's motion on April 27, 2007 but failed to take any action until after the entry of default on May 9, 2007. (Id.)

In response to defendants' argument that they can establish a meritorious defense to the claims, plaintiff contends that the timecards provided by defendants appear to be "recently fabricated time records for that period" and are not plaintiff's actual records. (Id. at 1). Plaintiff argues that defendants' claim to have such records is "incredible," given that plaintiff was paid "in cash off the books." (Id. at 8). Further, plaintiff claims that statements by defendants' prior counsel contradict defendants' current statements about the length of plaintiff's employment at the Car Wash. (Id. at 2). Plaintiff alleges that the defendants' asserted defenses are "manufactured . . . to evade a default judgment" and further, that if entry of default is vacated, defendants will have no admissible evidence to prove their defenses. (Id.) Finally, plaintiff claims that a vacatur of the default would be unduly prejudicial because of his economic status, in that he spent two years without adequate payment for his work, and should not now be forced to "expend the time and resources necessary to prosecute a case defended with falsified evidence." (Id. at 9).

DISCUSSION

A. Standards

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Thus, under the Federal Rules of Civil Procedure, following a defendant's failure to file an answer, a plaintiff is required to request that the clerk of the court enter a default. Thereafter, pursuant to Rule 55(c), the defendant may seek to set aside the default. If the defendant fails to appear or otherwise move to set aside the default, a default judgment may be entered by the clerk or the court. See Fed. R. Civ. P. 55(b). Under Rule 55(c), the defendant is thereafter authorized to make a motion, pursuant to Fed. R. Civ. P. 60(b), to set aside the default judgment. See Meehan v. Snow, 652 F.2d 274, 275-76 (2d Cir. 1981).

A default judgment is an extreme remedy that should only be granted as a last resort. See id. at 277; Lichtenstein v. Jewelart, Inc., 95 F.R.D. 511, 513 (E.D.N.Y. 1982). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993); see also Merker v. Rice, 649 F.2d 171, 174 (2d Cir. 1981). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored" and doubts "should be resolved in favor of the defaulting party." Enron Oil Corp v. Diakuhara, 10 F.3d at 95-96.

The factors that are used to determine whether to set aside a default under Rule 55(c) or a default judgment under Rule 60(b) are the same. In either situation, the Court should consider: (1) whether the default was willful; (2) whether setting aside the default would result in prejudice to the plaintiff; and (3) whether the defendant has presented a meritorious defense to the action. Id. at 96. However, it is well-established that "[a] motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); see also Enron Oil Corp. v. Diakuhara, 10 F.3d at 96 (finding that although the same factors are applied to determining whether to vacate a default or default judgment, "courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action" (citation omitted)). In addition to the factors enumerated above, the court may also consider other factors, such as whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result. See Enron Oil Corp. v. Diakuhara, 10 F.3d at 96 (citing Sony Corp v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986)).

B. Application

Applying the criteria described above to the facts in the case at bar, this Court finds that defendant has shown sufficient good cause why the default should be vacated and why a default judgment should not be entered at this time. As an initial matter, the Court is mindful of the preference for resolving disputes on the merits and the "general[] disfavor[]" with which default judgments are viewed. Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

Employing the appropriate standard of review, the Court finds that defendants' failure to file a timely answer was not willful. In the Second Circuit, "willfulness" in the context of a default refers to conduct that is more than merely negligent or careless. SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). The court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained. Id.; see also Dominguez v. United States, 583 F.2d 615, 618 (2d Cir. 1978) (finding that counsel's 10-month delay in seeking to vacate a dismissal could not be characterized as excusable neglect). Although plaintiff disputes the diligence with which defendants pursued their defense, defendants' actions do not rise to the level of willfulness. First, defendants clearly intended to defend this suit, based on letters written by defendants' prior counsel to plaintiff's counsel. (See January 30, 2007 Letter of Mark Stone, defendants' prior counsel, attached as Exhibit A to the Declaration of Richard Blum, Esq., counsel for plaintiff). Second, although plaintiff challenges the timeliness of defendants' search for new counsel, defendants' explanation that prior counsel was not qualified to practice in federal court provides a valid reason for the need to obtain new counsel, and a delay of less than 60 days to find such counsel does not demonstrate willfulness. Indeed, defendants' assertion that they believed their prior counsel was handling this matter on their behalf and was preserving their rights and defenses throughout appears to be reasonable. Thus, at worst, defendants' actions were merely negligent or careless in defending this suit.

Additionally, plaintiff has failed to establish any specific prejudice that he will suffer if the motion to vacate is granted. Although plaintiff claims that he will be unduly prejudiced by the vacatur because he is a low-income worker and has been underpaid for two years (Pl.'s Opp. Mem. at 9), if plaintiff has a meritorious case, a vacatur will not prejudice his right to recover

7

other than to delay recovery. However, delay alone is not enough to establish prejudice in the absence of a showing that the delay has resulted in the loss of evidence or will create difficulties in discovery. See Enron Oil Corp. v. Diakuhara, 10 F.3d at 98; Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Plaintiff's assertion that granting the vacatur of the default "would simply be unfair" (Pl.'s Opp. Mem. at 9) is not enough to establish the prejudice necessary to defeat the motion to vacate.

Finally, defendants have raised a meritorious defense that presents a possible triable issue of fact. In order to satisfy the third prong of the Enron test, the party opposing the default must demonstrate "'that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand.'" In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985) (quoting 10 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure §2697 (2d ed. 1983)). While "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense," Enron Oil Corp v. Diakuhara, 10 F.3d at 98, he need not "conclusively establish the validity of his defense." Marziliano v. Heckler, 728 F.2d 151, 156-157 (2d Cir. 1984) (citing Davis v. Musler, 713 F.2d at 916).

Plaintiff alleges that pursuant to the FLSA, he was entitled to receive the federal minimum wage applicable during the period covered by this action, October 12, 2003 to October 12, 2005. 29 U.S.C. § 206(a)(1); see also Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002). In addition, the FLSA provides for the payment of overtime compensation at the rate of not less than one and one-half times the minimum wage for any hour worked in excess of forty hours per week. See 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216; see also Tran v. Alphonse Hotel

Corp., 281 F.3d at 31.

Under the FLSA, employers are required to maintain accurate records establishing the hours worked by their employees. See 29 U.S.C. § 211(c); Tran v. Alphonse Hotel Corp., 281 F.3d at 31. When an employer fails to maintain accurate records, courts have held that the "'employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" Tran v. Alphonse Hotel Corp., 281 F.3d at 31 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). The Supreme Court in Anderson v. Mt. Clemens Pottery concluded that it would be reasonable and fair to award wages under such circumstances, because "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with [record keeping laws]." 328 U.S. at 688; see also Reich v. S. New Eng. Telecomm. Corp., 121 F.3d 58, 69 (2d Cir. 1997). In addition, where the employer has defaulted, the courts have held that the "plaintiff['s] recollection and estimates of hours worked are presumed to be correct." Zeng Liu v. Jen Chu Fashion Corp., No. 00 CV 4221, 2004 WL 33412, at *8 (S.D.N.Y. Jan. 7, 2004). See also Anderson v. Mt. Clemens Pottery Co., 328 U.S. at 687–88 (shifting the burden of proof); Chao v. Vidtape, Inc., 196 F. Supp. 2d 281, 293–94 (E.D.N.Y. 2002) (finding plaintiff's testimony to be sufficient to establish unpaid wages).

Here, the parties dispute the accuracy of defendants' proffered proof of plaintiff's hours and wages. The timecards presented by defendants to the plaintiff suggest that defendants may have a meritorious defense to the allegations. These timecards serve to dispute plaintiff's

allegations regarding the time he worked and the compensation he received. However, plaintiff contends that because he was paid off the books, no records were actually kept by defendants and therefore, the timecards offered as evidence by defendants must be fabricated.

Given the Second Circuit's stated "preference that litigation disputes be resolved on the merits, not by default," Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); accord Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995); Enron Oil Corp. v. Diakuhara, 10 F.3d at 96, and the fact that there is a legitimate factual dispute as to the authenticity of these timecards that would be better decided by a finder of fact after an opportunity for full discovery, the Court finds that defendants have shown good cause to warrant vacatur.

Accordingly, it is respectfully recommended that defendants' motion to vacate the default be granted.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**

Dated: Brooklyn, New York
November 21, 2007

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge