UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VICTOR ANGEL,                                                         **NOT FOR PUBLICATION**
                                                                      MEMORANDUM AND
                                            Plaintiff,                ORDER

                  -against-                                           06-CV-6667 (CBA)

QUEENS BOULEVARD CAR WASH, et al.,

                                            Defendants.
------------------------------------------------------------------x
AMON, United States District Judge:

      On December 18, 2006, plaintiff Victor Angel filed this action against defendants Queens Boulevard Car Wash, Tyrone Garcia, and Tyrosa Enterprises, Inc., seeking to recover unpaid minimum wages, overtime wages, and other damages for alleged violations of the Fair Labor Standards Act ("FLSA"). The defendants failed to timely answer or move against the complaint, and their default was noted by the clerk of the court on May 8, 2007. By motion dated July 20, 2007, the defendants moved to vacate the clerk's notation of default, and several days later, Angel filed his motion for the entry of a default judgment. I referred the cross motions to Magistrate Judge Cheryl Pollack for a report and recommendation ("R&R") which she issued on November 21, 2007, recommending that the defendants' motion be granted and the default be vacated. Angel has filed timely objections to the R&R. For the reasons set forth below, Magistrate Judge Pollack's R&R is adopted as the opinion of the court, the defendants' motion to vacate the entry of default is granted, and Angel's motion for the entry of a default judgment is denied.

**I.    Background**

1

The Court will provide a brief description of the factual context here, but also refers the reader to Magistrate Judge Pollack's R&R for a more detailed procedural and factual history. In short, plaintiff claims that he was employed by the defendants for approximately two years, from October of 2003 to October of 2005. He alleges that he worked approximately 91 hours per week but was neither paid minimum wage nor the appropriate overtime wages mandated by the FLSA and New York State law. His claim was filed on December 18, 2006 and was served on defendants Queens Boulevard Car Wash and Tyrone Garcia on January 23, 2007 and on defendant Tyrosa Enterprises, Inc. on January 30, 2007. Their responses were due on February 12 and 19, 2007, respectively.

On or about January 30, 2007, the Law offices of Lorenzo Casanova sent a letter on behalf of defendants contesting the factual allegations in the complaint and enclosing a proposed stipulation to extend the defendants' time to move or answer until March 1, 2007. The next day, counsel for plaintiff sent a counter-proposal, also providing that defendants be given until March 1, 2007. Neither stipulation was ever fully executed by the parties or filed with the Court.

Later, on March 1, 2007, the plaintiffs received another letter from the law offices of Lorenzo Casanova, stating that the office would not represent the defendants in this action in light of the firm's practice of not litigating in federal court. This letter also offered the plaintiff $3,000.00 to settle his claims, but the offer was denied. On March 20, 2007, in response to an inquiry from the Court, plaintiff's counsel filed a letter informing the Court that no answer had been filed in this action and requesting permission to move for a default judgment, which the Court granted. Thereafter, an attorney from the law office of Lorenzo Casanova contacted plaintiff's attorney and, although he had stated that his office would not represent the defendants,

requested a counter settlement offer. Plaintiff's counsel responded by stating that the amount requested in his motion for a default judgment would be his counter-offer.

Plaintiff filed his motion for a default judgment on April 27, 2007, and the clerk of the court entered a notation of default on May 8, 2007. The next day, plaintiff's counsel was contacted by Salvatore Gangemi, who had just been retained to represent the defendants in this action. Mr. Gangemi unsuccessfully attempted to persuade plaintiff to voluntarily withdraw the notation of default, and promptly filed an answer to the complaint. After several subsequent conferences, the parties filed the instant motions.

## II. Discussion

### A. Standard of Review

The Court considers plaintiff's objections to Magistrate Judge Pollack's R&R *de novo*. See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).

### B. Governing Legal Standards

Federal Rule of Civil Procedure 55 sets up a two-step process in the event of a defendant's default. First, if a defendant fails to "plead or otherwise defend" in response to a properly served and filed complaint, the clerk of the court must enter that party's default. Fed. R. Civ. P. 55(a). Second, a default judgement may be entered, in some circumstances by the clerk of the court and in others by the court itself. See id. 55(b). However, the defaulting party may move to vacate either the entry of default after step one, or the entry of a default judgment after step two. See id. 55(c). "The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district

court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); see also S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). In exercising that discretion, "[i]t is the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard." Enron, 10 F.3d at 96. Accordingly, "a trial court's desire to move its calendar should not overcome its duty to do justice." Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995).

When determining whether or not to vacate a default, courts within the Second Circuit consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron, 10 F.3d at 96; see also McNulty, 137 F.3d at 738; Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).[1] The absence of prejudice alone does not entitle a defaulting party to relief if his default was willful or in the absence of a potentially meritorious defense. See McNulty, 137 F.3d at 738. Although these three factors are the same whether a defendant is moving to vacate an entry of default pursuant to Fed. R. Civ. P. 55(c) or the entry of default judgment pursuant to Rules 55(c) and 60(b), the Second Circuit has made clear that these standards are to be applied less rigorously in the former context. See Meehan, 652 F.2d at 276; Enron, 10 F.3d at 96.

As the Court applies these factors, it is mindful that default judgements are disfavored and that there is a strong preference for the resolution of claims on the merits. Meehan, 652 F.2d

---

[1]The Second Circuit has also allowed for the consideration of certain other equitable factors, including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about harsh or unfair result." Enron, 10 F.3d at 96.

4

at 277; Enron, 10 F.3d at 95; Cody, 59 F.3d at 15; Belford v. Martin-Trigona, 763 F.2d 503, 505 (2d Cir. 1985); Batstone v. Emmerling, 223 B.R. 860, 865 (2d Cir. 1997). In fact, default judgment has been described by the Second Circuit as an "extreme sanction" which "must remain a weapon of last, rather than first, resort." Meehan, 652 F.2d at 277 (citing Peterson v. Term Taxi Inc., 429 F.2d 888, 890-92 (2d Cir. 1970)); see also Enron, 10 F.3d at 96 (default to be reserved for "rare occasions"); Cody, 59 F.3d at 15 ("dismissal is a harsh remedy to be utilized only in extreme situations" and is "the most severe sanction which the court may apply" (internal quotations omitted)). Accordingly, any doubt should be resolved in favor of the defendants. See Enron, 10 F.3d at 96.

C.   Application

In his objections, plaintiff addresses each of the three factors cited above. First, plaintiff objects to the R&R on the grounds that the defendants' conduct in failing to timely move or answer was willful. Willfulness, in the default context, requires that the defaulting party be guilty of more than mere negligence or carelessness. See McNulty, 137 F.3d at 738. Rather, the conduct must be "egregious" and "not satisfactorily explained."[2] McNulty, 137 F.3d at 738. For

---

[2] Plaintiff cites United States v. Cirami, 535 F.2d 736, 738-39 (2d Cir. 1976) for the proposition that "[e]ven where a defendant has retained new counsel, the absence of any explanation of prior counsel's failure to represent is sufficient to establish willfulness." (Objs. at 4.) However, Cirami does not stand for that proposition, and plaintiff does not offer any other legal authority in support of his proposition. In Cirami, the court analyzed a Rule 60(b)(6) motion seeking to set aside an order of the district court on summary judgment on the ground that there were "exceptional circumstances". Id. at 738. The appellants argued that such circumstances were present because their attorney, for no known reason, suddenly failed to contest the appellee's motion for summary judgment, ceased representation, and refused to speak with his former clients. Id. at 739. There was nothing on the record explaining why counsel effectively disappeared. Id. Although the court held that this did not constitute "exceptional circumstances", it does not address whether or not the actions of appellant were "willful". In fact, the court expressly stated that it did not know if the failure to contest the summary

5

instance, a default will not be vacated where the court concludes that the defaulting party made a strategic decision to default. Batstone, 223 B.R. at 868 (citing Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996)).

Plaintiff does not dispute the R&R's statement of the applicable legal standards related to willfulness. Rather, he merely argues that the defendants' prior counsel failed to act diligently and that the defendants failed to promptly obtain new counsel, and that this constitutes sufficient evidence of willfulness. (Objs. at 4-6.) These are precisely the same factual arguments that were made in plaintiff's original motion and rejected by Magistrate Judge Pollack. Magistrate Judge Pollack concluded, on these facts, that willfulness had not been established. First, she noted that the defendants, far from being absent, clearly evinced an intent to defend this suit from the time it was filed, based on the correspondence between prior counsel and the plaintiff. (R&R at 7.) Moreover, she concluded that the less than 60-day delay in obtaining new counsel is insufficient to establish a willful default. The Court agrees with Magistrate Judge Pollack's assessment of the facts, and, as noted, the plaintiff has pointed to no additional argument that would call her conclusion into question. Although the defendants may have been acting carelessly and negligently, they did not, in the Court's opinion, wilfully default.

Second, the plaintiff objects on the ground that the defendants have not shown that they are prepared to present a meritorious defense. (Objs. at 6-7.) Generally, in order for a default to be set aside, "the defaulting party must present a meritorious defense demonstrating that if relief is granted the outcome of the suit may be different than if the entry of default or the default

---

judgment motion was willful: "On the record before us we are totally uninformed of the reasons for the failure of the appellants' former counsel to contest the motion for summary judgment or whether the failure was deliberate or inadvertent." Id.

6

judgment is allowed to stand." Belford, 763 F.2d at 505 n.2. Though "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense," such evidence "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98; see also McNulty, 137 F.3d at 740. Accordingly, a defense is potentially meritorious in this context "'if it is good at law so as to give the factfinder some determinations to make.'" Batstone, 223 B.R. at 868 (quoting Anilina Fabrique de Colorants v. Aakash Chem. and Dyestuffs, Inc., 856 F.2d 873, 879 (7th Cir. 1988)).

Once again, plaintiff does not dispute the legal standards applied by Magistrate Judge Pollack, only her conclusion on the facts of this case. His objection is almost identical to the argument made in his brief in support of his motion–essentially that the defendants' evidence is insufficient to rebut his allegations. Magistrate Judge Pollack properly rejected this argument. (See R&R at 8-10.) She notes that the defendant has presented timecards, which, if credited as authentic, could serve as a complete defense in this action. It is for a trier of fact to determine if these cards are, as plaintiff contends, forgeries. Moreover, it is also for a trier of fact to determine whether or not the lack of corresponding pay stubs leads to the conclusion that these timecards are not to be credited. By coming forward with such evidence–whether or not compelling–the defendants have met their burden of presenting a potentially meritorious defense for the purposes of this motion.

Third and finally, plaintiff claims that he will suffer prejudice if the default is vacated, because he is a low-income worker who "should not have to spend the time and resources necessary to prosecute a case defended with falsified evidence." First, the Court of course

7

cannot–at this stage–credit plaintiff's claim that the evidence proffered by the defendant has been forged. Second, left with only an argument that the plaintiff's potential recovery will be delayed and that plaintiff will have to prove his claims, the Court holds that Magistrate Judge Pollack's conclusion that the plaintiff will suffer no unfair prejudice if the default is vacated is correct. See Enron, 10 F.3d at 98 (delayed recovery is insufficient to establish prejudice).

**III.    Conclusion**

For the foregoing reasons, Magistrate Judge Pollack's Report and Recommendation is hereby adopted as the opinion of the Court. The defendants' motion to vacate the entry of default is granted, and the plaintiff's motion for a default judgment is denied.

SO ORDERED.
Dated:      Brooklyn, New York
            January 8, 2008

Carol Bagley Amon
United States District Judge